## ¡ Stroh *against* Kimmel.

A promise of general indemnity is broken by the recovery of a judgment against the person to whom the promise was made; and he may maintain an action upon it, without proof of the payment of the judgment.

ERROR to the common pleas of *Lebanon* county.

Samuel Kimmel against William Stroh. This cause originated before a justice of the peace, and was brought into court by appeal; when the following statement was filed:

" The plaintiff states that he claims to recover from the defendant the sum of ninety dollars, with interest from the 1st of December 1829; which plaintiff claims as due from defendant by reason of the following facts: In the year 1829, the defendant informed the plaintiff that he had lost fourteen hogs, and requested plaintiff to hunt them and pen them up, and he would pay him well for his trouble. Plaintiff hunted them, and did pen them up as requested; whereupon the defendant took away ten of the hogs which plaintiff delivered to him at his request. A short time afterwards Peter Laer, Henry Hubler, and Peter Laer, Jun. alleged that the said hogs so taken away by the defendant, belonged to them, and thereupon sued the said plaintiff before Jacob Christ, Esq., a justice of the

VIII.—o*

[Stroh v. Kimmel.]

peace in and for Schuylkill county, for the value of the hogs so taken away by the defendant, and damages therefor.   Whereupon the defendant on the 15th of November 1829, in consideration of the premises, requested plaintiff to defend the said suit, and promised and agreed with plaintiff that he would indemnify the said plaintiff from all costs, and liabilities, and damages, and injuries of every kind, and would pay all which he, the said plaintiff, might incur."

" And the plaintiff avers that although he did defend the said suit, yet the said Peter Laer, Henry Hubler, and Peter Laer, Jun., in the said suit so instituted against him before Jacob Christ, Esq. as abovementioned, recovered a judgment against him, the said plaintiff, for the sum of fifty dollars, besides 26 dollars 97½ cents costs, which said judgment was rendered on the 16th day of Jan. 1830.   Therefore the plaintiff demands of the defendant compensation for his work, labour, services in hunting, keeping and penning up the said hogs, and delivering them to the defendant; also for his work, labour, services in defending the said suit; all which were done at the special instance and request of the defendant; also for the damages, and injuries, and liabilities accruing to and against him by reason of the said judgment so recovered against him as aforesaid, against all of which the said defendant promised to indemnify and save him harmless.   He therefore claims the sum of ninety dollars with interest from the 1st of December 1829."

The facts thus stated were fully proved; and the only question in the case was, whether the plaintiff was entitled to recover from the defendant an amount which would indemnify him against the payment of the judgment recovered against him, he not having paid it before this suit was brought.

The Court below (Blythe, president) instructed the jury that the plaintiff was entitled to recover to the amount of his claim.   To this opinion the defendant excepted.

*M⋅Clure*, for plaintiff in error.
*Pearson* and *Weidman, contra.*

Per Curiam.—These specifications of error resolve themselves into a single point—the plaintiff's right to demand the damages recovered of him, before they were paid.   An action for money paid to the defendant's use, is grounded on an implied promise which is raised out of the consideration of actual payment; and a mere liability to pay will consequently not raise it.   So would it be in this action, were the promise that the defendant would reimburse the plaintiff what he should actually disburse on the defendant's account; but it was a promise of general indemnity which was broken by the recovery of the judgment; and what is the compensation?   Certainly no less than will make the party whole; and he is not whole while he is instantly and incessantly exposed

[Stroh v. Kimmel.]

to the peril of arrest and imprisonment. Is not such a predicament proper for compensation? There is no reason why payment should precede recourse to the party ultimately liable, when it is not necessary for his security; for the original owner of the property could not recur to him on the judgment or on the right of property divested by it. The money, when recovered of him, may not be applied to the preceding judgment; but still the person and property of the judgment debtor would be liable for it. Were he committed on execution, it would not be pretended that he could not recover to the extent of the judgment; yet the money, when put into his hands, might be misapplied. But what is that to the ultimate debtor? Actual application of it is not necessary to his safety; and it is consequently a matter betwixt the intermediate debtor and his creditor. The latter may be unable to advance the money; and his poverty might present an insuperable bar to redress, could he not take it, in the first instance, from the pocket whence it is ultimately to come. The very point seems to have been decided in Miller *v.* Howry, 3 *Penn. Rep.* 374, and Bank *v.* Douglass, 4 *Watts* 95; but on principle the case is a clear one.

　　Judgment affirmed.