HENRY KEANE, (HUGH KENNEDY Ex'r substituted,) v. GOLDSMITH, HABER & CO.

A contract with the surety of a creditor to indemnify the surety against the consequences of his suretyship is, in its nature, a contract of personal warranty, recognized by Articles 378 and 379, of the Code of Practice.

A right of action against one who has come under such obligation, accrues to the surety as soon as he has been condemned by a final judgment to pay the creditor, and it is not necessary that he should have paid the judgment to entitle him to proceed against one who was thus bound to indemnify him.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *H. C. Miller* and *F. H. Clack*, for plaintiff, and appellant. *J. A. Rozier*, for defendants.

MERRICK, C. J. This suit is brought by the plaintiff as the transferee of *Isaac Hart* upon the following agreement:

"KEANE *vs.* FISHER,—*Fifth District Court of New Orleans.*"

"We hereby agree and bind ourselves to protect *Mr. Isaac Hart* as surety for *Fisher*, in the above entitled suit, and desire that *Mr. Hart* should defend himself against this suit, and if necessary, take an appeal to the Supreme Court, and we bind ourselves *in solido* to protect him fully, including costs and all incidental expenses.

"New Orleans, April 7, 1853:

(Signed)        "GOLDSMITH, HABER & Co."

It appears by plaintiff's petition, that judgment was rendered against *Hart*, as surety for *Fisher*, on the bond by this court, for $2,000 and interest; and that *Hart* transferred the above obligation against *Goldsmith, Haber & Co.*, to the plaintiff.

The defendants excepted to the plaintiff's petition on the ground that it disclosed no cause of action against the defendants. This exception was sustained. The defendants urge that *Hart*, as surety, must first pay the debt to *Keane* before he can acquire a right of action against them, which he can transfer; that suretyship cannot be extended from one person to another; and that if the transfer was valid, no action could be maintained against the defendants until notice had been given them, according to Article No. 2613 of the Civil Code.

The defendants are not strictly the sureties of a surety; the *fide jussoris collaudatores*, of Article 3007, of the Civil Code. The surety of the surety contracts with the *creditor* for the security of the latter, and on payment becomes *ipso facto* subrogated to his, the creditor's, right, besides having his action of mandate or *negotiorum gestorum*, or *de in rem verso* against the debtors, according as his obligation has been entered into with the consent, or without the knowledge, or against the will of such debtor. Here the contract is with the *surety*, to indemnify him against the consequences of his having entered into the obligation of suretyship with the creditor, and the very exception taken by the defendants pre-supposes that the contract does not, in itself, give the creditor a right of action.

The contract is in its nature, one of personal warranty, recognized by Articles 378 and 379, of the Code of Practice. The defendants bound themselves to protect *Hart* fully against the consequences of his obligation as surety to *Keane*. *Hart*, according to plaintiff's petition, has been *fixed* as surety for *Fisher* in the sum of two thousand dollars by the final judgment of a court of the last resort. Now the defendants cannot fully protect *Hart* without paying the judgment rendered against him, or furnishing him with money to pay the same himself. We discover no good reason why *Hart* could not transfer his cause of action to the plaintiff if he found it his interest so to do. C. C. 1992, 1994; 9 Ann. 463; Art. 2613, of the Civil Code, is for the protection of third persons, and the only notice the defendants were entitled to previous to the institution of the suit, was the amicable demand, the want of which they have not pleaded.

The judgment of the lower court must be reversed, and the defendants must have an opportunity of traversing the facts alleged in plaintiff's petition which have been taken as true on the exception.

71

KEANE
v.
HABER.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed, that the defendant's exception be over-ruled, and that this case·be remanded to the lower court, there to be proceeded in according to·law, the defendants and appellants paying the costs of this appeal.

SPOFFORD, J.,· concurring. I concur in the opinion that the exception should be over-ruled.

*Keane*, it is· true, has no greater right than his assignor, *Hart*, had. But from the peculiar phraseology of the instrument sued on, it will be seen that it is a promise of *general indemnity*. The promisors, *Goldsmith, Haber & Co.*, covenanting to·protect the promisee, *Hart*, fully, for resisting a certain suit, including all costs and incidental expenses.

There was therefore, a breach of the agreement so·soon as the liability of *Hart* was fixed by a judgment, and *Goldsmith, Haber & Co.* failed to take·his place and satisfy it, including costs and expenses. That breach gave *Hart* a right of action. The right of action was veritable, and therefore assignable. It has been· assigned to *Keane*, the party who, in equity, ought to have the money. Perhaps if *Hart* himself, had sued, the court might have been called upon to·see that the funds, when collected, should be applied to the satisfaction of the judgment against *Hart*, in favor of *Keane*. The rule generally is, that a party suing upon an indemnity·against the payment of money merely, must prove payment, or something equivalent, before he can maintain his action. But upon a promise of general indemnity, a judgment against the promisee is evidence in a suit against the promisor, without proof of payment by the promisee. See *State* v. *Kimmel*, 8 Watts,.157 ;. *Carman* v..*Noble*, 9 Barr, 366 ; *Smith* v. *Eubanks*, 9 Yerger, 20.