Eugene B. McAbee *v.* Eliza A. Cribbs, Administratrix of John R. Cribbs, Deceased, Appellant.

*Contract—Principal and Surety—Agreement to pay mortgage—Indemnity.*

Where the grantee of land, for a valuable consideration, assumes the payment of a mortgage upon the land, and subsequently the land is sold in foreclosure proceedings, and a judgment for a deficiency in the mort-

gage debt is recovered against the grantor, the latter has an immediate right of action against the grantee, although he may not have paid the judgment against him.

Argued Oct. 27, 1899. Appeal, No. 34, Oct. T., 1899, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1894, No. 296, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Assumpsit on a contract of indemnity. Before STOWE, P. J. The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for the plaintiff. Verdict and judgment for plaintiff for $3,988.02. Defendant appealed.

*Error assigned* among others was in giving binding instructions for plaintiff.

*John P. Hunter*, with him *S. Schoyer, Jr.*, for appellant.— The vendor, McAbee, being liable to the defendant on his covenants against incumbrances by reason of the existence of the mortgage, the assumption of that mortgage without an agreement to pay the mortgage debt did not render the defendant personally liable, but only operated as a release of action by reason of such breach: Scott v. Fields, 7 Watts, 360 ; Fidelity Ins. & Trust Co. v. Miller, 89 Pa. 26 ; Baum v. Tonkin, 110 Pa. 572 ; Moore's App., 88 Pa. 450 ; Shepherd v. May, 115 U. S. 505 ; Waters v. Hubbard, 44 Conn. 340 ; Rapp v. Stoner, 104 Ill. 618 ; Weed Sewing Machine Co. v. Emerson, 115 Mass. 554 ; Bumgardner v. Allen, 6 Munf. (Va.) 439 ; Woodbury v. Swan, 58 N. H. 380 ; Dean v. Walker, 107 Ill. 540 ; Moore's Appeal, 88 Pa. 450 ; Lewis v. Day, 53 Iowa, 575 ; Gage v. Jenkinson, 58 Mich. 169 ; Ritchie v. McDuffie, 62 Iowa, 46 ; Hall v. Morgan, 79 Mo. 47 ; Campbell v. Patterson, 58 Ind. 66 ; Belmont v. Coman, 22 N. Y. 438 ; Tanguay v. Felthousen, 45 Wis. 30 ; Wright v. Briggs, 99 Ind. 563 ; Stebbins v. Hall, 29 Barb. (N. Y.) 524 ; Blank v. German, 5 W. & S. 36 ; Walker v. Physick, 5 Pa. 193 ; Keim v. Robeson, 23 Pa. 456 ; American Academy of Music v. Smith, 54 Pa. 130 ; Taylor v. Preston, 79 Pa. 436 ; Burke v. Gummey, 49 Pa. 518 ; Blood v. Crew-Levick Co., 171 Pa. 328.

At best the relation of the plaintiff and defendant were that of surety and principal, and a surety cannot recover from his principal until he has paid : Blood v. Crew-Levick Co., 171 Pa. 328; Brandt on Suretyship, sec. 205.

*T. S. Brown,* with him *W. G. Stewart,* for appellee.—The agreement constituted a contract of indemnity in favor of the plaintiff against liability on said mortgage debt, in case of default by Cribbs in the payment thereof. Cribbs assumed the debt as his own, and undertook to relieve McAbee of all liability on account thereof : Campbell v. Shrum, 3 Watts, 60 ; Hoff's App., 24 Pa. 200 ; Burke v. Gummey, 49 Pa. 518; Merriman v. Moore, 90 Pa. 78 ; Kostenbader v. Spotts, 80 Pa. 430.

Where the covenant of indemnity is one against all liability, it is broken as soon as any liability is fixed upon the covenantee : Webb v. Pond, 19 Wend. 423 ; Stroh v. Kimmel, 8 Watts, 157 ; Carmon v. Noble, 9 Pa. 366 ; Ardesco Oil Co. v. Oil & Mining Co., 66 Pa. 375.

OPINION BY MR. JUSTICE FELL, December 30, 1899:

The facts developed at the trial may be briefly stated. The plaintiff, by deed of June 15, 1887, conveyed to the defendant a tract of land in Kansas which was subject to a mortgage of $2,500, given by the plaintiff. On July 27, the parties entered into an agreement which, after reciting the conveyance, the mortgage and an agreement by the defendant to convey five lots in Verona to the plaintiff, concludes as follows : " Now it is agreed between the parties hereto, each for himself, his heirs and assigns, that the said Cribbs shall assume, and by these presents he does assume, the payment of the said above recited mortgage, together with the interest thereon," etc. The consideration named is the undertaking by the plaintiff to pay the taxes for 1887 and all claims on the farm prior to that date, and to release to the defendant all rights and interest which he had acquired in the Verona lots. The mortgage debt fell due and the land was sold at sheriff's sale for less than the amount of the mortgage. Suit was then brought by the holder of the mortgage against the plaintiff, on his bond, to recover the deficiency, and a judgment was recovered against him. That suit the defendant was notified to defend, but he failed to do so.

The present action was brought by the plaintiff without his having paid any part of the judgment recovered against him. What led to the making of the agreement did not appear. Presumably, because of its subsequent date, and the assumption by the vendor of the payment of taxes and other charges and the surrender by him of all claims to the Verona lots, it was not a part of the contract of sale, but was subsequently made for the purpose of adjusting disputes which had arisen, or it was a distinct modification and change of the original contract. But upon this subject we are entirely in the dark. The agreement is complete in itself, and there is nothing outside of it to aid in its construction. There is nothing in the agreement to warrant the construction contended for by the defendant, that it was intended merely as a release from a claim against the plaintiff for damages for breach of a covenant against incumbrances. It is a distinct assumption of the payment of the mortgage, and, as between the parties, there is an implied covenant to indemnify the plaintiff against all liability by reason thereof.

As a contract of indemnity it was broken as soon as the plaintiff's liability became fixed, and he could then maintain an action on it without proof of payment. That on a bond or covenant to indemnify against claims the obligee is entitled to sue as soon as his obligation to pay becomes absolute has been settled by a long line of cases among which are Gardner v. Grove, 10 S. & R. 136, Stroh v. Kimmel, 8 Watts, 157, Leber v. Kauffelt, 5 W. & S. 440, Carman v. Noble, 9 Pa. 366, Ardesco Oil Co. v. Oil & Mining Co., 66 Pa. 375, and Bamford v. Keefer, 68 Pa. 389. The decision in Blood v. Crew-Levick Co., 171 Pa. 328, was not intended as a departure from the rule. That case was decided on its own peculiar facts. The land which, as between the parties, was primarily liable for the mortgage debt had not been sold, and the liability was not fixed as to either its character or amount.

The judgment is affirmed.