# Henderson, Appellant, *v.* Maryland Casualty Company.

*Insurance—Insurance against liability for damages—Employees.*

An insurance company agreed to indemnify the insured for the term of one year "against loss from common law or statutory liability for damages on account of bodily injuries, fatal or non-fatal, accidentally suffered within the period of this policy by any employee or employees of the insured." The policy further provided that, "No action will lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment within sixty days from the date of such judgment and after trial of the issue. . . . This policy shall only cover losses sustained by and liability for any claims against the assured as a result of the risk specified in the contract or contracts hereto attached." *Held,* that interest could be collected on the amount of the policy only from the time the insured actually paid a judgment recovered by an employee for personal injuries.

Argued Oct. 10, 1905. Appeal, No. 135, Oct., T., 1905, by plaintiff, from judgment of C. P. No. 2, Phila. Co., March T., 1905, No. 4203, for defendant on case stated in suit of Thomas Henderson and William Henderson, trading as Henderson & Brother, v. Maryland Casualty Company of Baltimore. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Case stated to determine liability on a policy of insurance. The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant on case stated.

*Alex. Simpson, Jr.*, with him *Francis Shunk Brown*, for appellant.—With us the rule is now firmly settled that a recovery can be had as soon as the liability becomes fixed, whether payment has been made or not: Stroh v. Kimmel, 8 Watts, 157; McAbee v. Cribbs, 194 Pa. 94; and the party indemnified may pay a just claim even without suit, and may recover against his indemnitor: Leber v. Kauffelt, 5 W. & S. 440.

As the language is the language of the insurer, in cases of doubt the construction must go against it: Pipe Lines v. Ins. Co., 145 Pa. 346.

The purpose being indemnity, the construction should be such as to advance that purpose: Ins. Co. v. Mund, 102 Pa. 89; Kister v. Ins. Co., 128 Pa. 553; Humphreys v. Benefit Ass'n, 139 Pa. 214; Anderson v. Fitzgerald, 4 H. L. Cases, 484.

Interest follows the debt as a shadow does the substance: Sims v. Willing, 8 S. & R. 103; Troubat v. Hunter, 5 Rawle, 257; Ins. Co. v. Delaunie, 3 Binn. 292; Jones v. Farquhar, 186 Pa. 386.

*Frank Gosnell*, with him *Maurice W. Sloan*, for appellee.— There is a clear distinction between a contract against "liability for damages," and a contract of indemnity against "loss from liability for damages." In the former, an action may be brought, and a recovery had, as soon as the liability is legally imposed; while in the latter, there is no cause of action until there is actual damages by payment of a sum growing out of the liability: Gilbert v. Wiman, 1 N. Y. 550; Frye v. Bath, Gas and Electric Co., 97 Me. 241; 59 L. R. A. 444 (54 Atl. Repr. 395); Moses v. Travellers' Ins. Co., 63 N. J. Eq. 260 (49 Atl. Repr. 720); Stephens v. Pennsylvania Casualty Co., 135 Mich. 189 (97 N. W. Repr. 686); Finley v. United States Casualty Co., 83 S. W. Repr. 2; Cushman v. Fuel Co., 122 Iowa, 656 (98 N. W. Repr. 509); Connolly v. Bolster, 72 N. E. Repr. 981; O'Connell v. N. Y., N. H. & H. R. R. Co., 72 N. E. Repr. 979.

Appellants' contention, that the appellee is liable for interest from the time it assumed control of the litigation, is unsound, because "a personal injury never creates a debt, nor becomes one, until it is judicially ascertained and determined, nor until that time can it draw interest:" Emerson v. Schoonmaker, 135 Pa. 437 ; Burrows v. Lownsdale, 133 Fed. Repr. 250.

OPINION BY MORRISON, J., November 20, 1905:

This was a case stated, in the nature of a special verdict, for the opinion of the court and resulted in a judgment in favor of the defendants, and thereupon the plaintiffs appealed to this court.   The assignments of error are as follows:

1. The court below erred in entering judgment for defendants on the case stated.   2. The court below erred in not entering judgment for plaintiffs on the case stated for $590, with interest from March 23, 1905.   3. The court below erred in not entering judgment for plaintiffs on the case stated for $260, with interest from March 23, 1905.

The appellant states the questions involved thus : " Whether under the policy in suit and upon the agreed facts, the defendants are liable to plaintiffs for interest on the amount of insurance : (*a*) From the time of defendant's election to defend the suit brought against the insured; or (*b*) From the time of verdict in that suit; or (*c*) From the time of actual payment of that verdict by the insured."

By the policy in suit " defendants hereby agree to indemnify Henderson and Bro. (plaintiffs) .... for the term of one year .... against loss from common law or statutory liability for damages on account of bodily injuries, fatal or nonfatal, accidentally suffered within the period of this policy by any employee or employees of the insured.

" A. The Company's liability for an accident resulting in injuries to or in the death of one person is limited to $5,000. .... This insurance is subject to the following conditions which are to be construed as conditions precedent of this contract.

"1. The assured, upon the occurrence of an accident, shall give immediate written notice thereof, with the fullest information obtainable at the time, to the home office of the company at Baltimore, Maryland, or to the duly authorized agent.

He shall give like notice with full particulars of any claim that may be made on account of such accident, and shall at all times render to the company all co-operation and assistance in his power.

"2. If thereafter any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the home office of the company every summons or other process as soon as the same shall have been served on him, and the company will, at its own cost, defend against such proceeding in the name and on behalf of the assured, or settle the same, unless it shall elect to pay to the assured the indemnity provided for in clause 'A' of special agreements as limited therein.

"3. The assured shall not settle any claim except at his own cost, nor incur any expense, nor interfere in any negotiation for settlement or in any legal proceeding without the consent of the company previously given in writing; but he may provide at the time of the accident such immediate surgical relief as is imperative.    The assured when requested by this company shall aid in securing information, evidence and the attendance of witnesses and in effecting settlements and in prosecuting appeals. . . . .

"7. No action will lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment within sixty days from the date of such judgment and after trial of the issue. . . .

"This policy shall only cover losses sustained by and liability for any claims against the assured as a result of the risk specified in the contract or contracts hereto attached, and is issued and accepted upon the condition that all the provisions printed on the slip or slips attached to this policy are accepted and shall be fulfilled by the assured as part of this contract as fully as if they were recited at length over the signatures hereto affixed."

The other facts set out in the case stated may be summarized as follows:

March 23, 1902, the above-stated policy was given by defendants to plaintiffs.

December 20, 1902, an employee was injured.    Paragraph

two admits that the accident was within the terms and conditions of the policy.

March 24, 1903, the employee sued, and notice at once was given.

April 4, 1903, defendants by their counsel duly appeared for plaintiffs and thereafter conducted and controlled the litigation to its end.

May 11, 1904, the employee recovered a verdict against the assured for $15,000, upon which judgment was entered.

October 7, 1904, plaintiffs at defendants' request appealed.

March 6, 1905, the Supreme Court affirmed the judgment.

March 23, 1905, plaintiffs paid the judgment with interest from the date of the verdict and costs and have done everything to entitle them to recover from defendants.

Subsequently defendants paid plaintiffs $5,000, with interest from March 23, 1905, the date of the actual payment by plaintiffs to their employee, and the costs. The payment was made and received without prejudice. The sole question is from what date defendants should have paid interest on the $5,000, whether, (a) from the date plaintiffs herein actually paid the other verdict with interest and costs; or (b) from the date defendants took charge of and conducted this litigation; or (c) from the date of the verdict in that case.

If clause (a) fixes the proper date the judgment herein should be affirmed; but if either clause (b) or clause (c) fixes it, the judgment should be reversed and judgment entered for plaintiffs for either $590 under clause (b) or $260 under clause (c), with interest in either case from March 23, 1905.

Thus far we have quoted the position of the learned counsel for the appellants as stated in their printed argument. This, for two reasons: (1) We think their statement is full and accurate; and (2) We propose to decide the questions raised from the basis of appellants' own statements of the questions involved.

The learned counsel for the appellants in his printed argument says: "It was argued at great length in the court below that a legal distinction exists between an indemnity against liability for damages and an indemnity against loss arising from a liability for damages; in the first case the indemnitor becoming immediately chargeable on the happening of the injury,

and in the latter not until actual payment, because not until then is there a loss; and it was said that this policy falls into the latter class.   It may be assumed that the weight of authority elsewhere is that there is such a distinction, though the only time it was attempted to be made in this state it was not found necessary to consider the question: Fritchie v. Extract Co., 197 Pa. 401." An examination of the case cited makes it plain why our present question was not considered.   The insurance was against all liability for damages, and the policy provided that the assured might bring an action against the insurance company within thirty days after judgment is rendered in favor of an injured employee.   Therefore, that case throws no light on our question.

The able counsel for the appellant in conceding the weight of authority in other states to be in favor of the contention of the appellee that interest did not begin to accrue on the $5,000 until March 23, 1905, when appellants paid the judgment in favor of their employee, assumes the burden of satisfying us that the rule in this state is not in accordance with the general doctrine in other states.   Failing in this, then, we must be satisfied that the provisions in the policy take it out of the general rule, and the latter is really the contention of the counsel. The general rule in other states is that upon agreement to indemnify against loss arising from liability for damages, no recovery can be had without proof of payment:  16 Am. & Eng. Ency. of Law (2d ed.), 178.   The counsel contends that the rule is now firmly settled, in this state, that a recovery can be had as soon as the liability becomes fixed, whether payment has been made or not, citing: Stroh v. Kimmel, 8 Watts, 157; McAbee v. Cribbs, 194 Pa. 94, and Leber v. Kauffelt, 5 W. & S. 440.   But an examination of these cases does not convince us of an established rule in this state on our question.   Stroh v. Kimmel decides that where a promise of general indemnity is broken, by the recovery of a judgment against the person to whom the promise is made, he may maintain an action upon it, without proof of payment of the judgment.   But the present case is not general but special indemnity and, therefore, that case is not in point.   McAbee v. Cribbs decides: " As a contract of indemnity it was broken as soon as the plaintiff's liability became fixed, and he could then maintain an action

upon it without proof of payment.    That on a bond or covenant to indemnify against claims, the obligee is entitled to sue as soon as his obligation to pay becomes absolute, has been settled by a long line of cases."    Then follows citation of cases.    That is a decision on indemnity against claims, and of course when such claim is put in judgment, the liability is fixed.    In Leber v. Kauffelt, the decision was upon a bond of indemnity to "save, keep harmless and indemnify the said Nicholas Leber of and from all claims," etc.    We conclude that those cases do not establish the contention that indemnity against loss arising from liability for damages is fixed by the recovery of a judgment against the indemnitor.

In our opinion, proper construction of the clause of the policy where defendants " hereby agree to indemnify Henderson and Bro. . . . . for the term of one year . . . . against loss from common law or statutory liability for damages on account of bodily injuries, fatal or nonfatal, accidentally suffered within the period of this policy by employee or employees of the insured," together with section 7 before quoted and the final paragraph of the policy, also quoted, only fixes the appellees for the payment of interest from the time the appellants paid the judgment to their employee, and this is what the court below decided.

It may be conceded that the final paragraph of the policy, standing alone, gives much ground for the construction put upon it by counsel for appellants.    But construing it in connection with the sections above quoted, we are unable to agree that interest should be charged from either of the dates contended for by appellants.

Having reached the conclusion that we have no rule of law on this question in conflict with the weight of authorities in sister states, we might stop here and affirm the judgment, because the learned counsel, in effect, concedes that if the case falls within the class claimed by appellees, then the judgment may be, under the general trend of decisions elsewhere, affirmed.    But it is vigorously contended that the final paragraph of the policy takes this case out of the general rule.

In Gilbert v. Wiman, 1 N. Y. 550, it is said : " But where the obligation is that the party indemnified shall not sustain damage or molestation by reason of the acts or omissions of

another, or by reason of any liability incurred through such acts or omissions, there is no breach until actual damage is sustained.

" And in such case a judgment recovered against the party indemnified, on account of the acts or neglect of another for which he is answerable, without payment of the judgment, or some part thereof, does not entitle him to sustain an action against the indemnitors."

In Fry, Admr., v. Bath Gas & Electric Co., 97 Me. 241 ; s. c. 59 L. R. A. 444, (54 Atl. Repr. 395) the policy of insurance was identical in terms with the one under consideration, except there was no limit as to the time in which the assured should satisfy the judgment, and it was held : " It was to reimburse, or make whole, the assured against loss on account of such liability.   There can be no reimbursement when there has been no loss.   The contract of insurance contains nothing to show that it was the object or intention of the contracting parties that the insurer should guarantee the gas company's liability for negligence to its employees.   It was not a contract of insurance against liability, but of indemnity against loss by reason of liability."   That case cites numerous authorities fully sustaining the position of the learned chief justice.

In Moses v. Travelers Ins. Co., 63 N. J. Eq. 260 ; (49 Atlantic Reporter, 720), the policy contained similar language to the one under consideration, and it was there held that not the amount of the employee's judgment, but the amount paid by the employer thereon, was the sum for which the insurer was responsible.   See also Finley v. United States Casualty Co., 83 S. W. Repr. 2 ; Cushman v. Fuel Co., 122 Iowa, 656 (98 N. W. Repr. 509) ; Connolly v. Bolster, 72 N. E. Repr. 981 (Mass) ; also Monroe v. Maryland Casualty Co., N. Y. 1905 not yet officially reported, where the policy was like the one in the present case and the question now before us was considered and determined against the plaintiff.

An able argument is made that the defendant may be liable for interest even though the action could not be brought until after the payment of the judgment by the insured.   But in the light of the contract between the parties, especially section 7 of the policy, we are unable to agree with this contention.   It provides that " no action will lie against the company as re-

spects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment," etc.

By the plain terms of the policy the appellees had the right to contest the suit against the insured, by their employee, until final judgment in the Supreme Court, and their liability being "for loss actually sustained and paid by him in satisfaction of a judgment," and there being no stipulation or implication arising from the language of the policy that the appellees should be liable for interest prior to the payment of the judgment, we are not convinced of the soundness of the appellant's contention. We think all of the authorities cited by appellant's counsel are distinguishable from the present case, on account of the terms of the contract.

If we are correct in holding that the defendant was only liable for the loss actually paid by the plaintiffs, it follows that interest could not be charged prior to such payment.

The assignments of error are dismissed and the judgment is affirmed.