# Faulkner, Appellant, *v.* McHenry.

*Mortgage—Purchase of land "under and subject" to mortgage—Indemnity—Act of June 12, 1878, P. L. 205.*

1. The words "under and subject" in a conveyance import that the grantee takes the land subject to an encumbrance, the amount of which has been deducted from the agreed price, and the covenant to be inferred from it is that of indemnity for the protection of the grantor. In such a case the grantor cannot recover on the covenant from the grantee, unless he proves actual loss.

2. Where a grantee of land under and subject to a mortgage made by his grantor defaults, and the land is sold by the sheriff in foreclosure proceedings for an amount insufficient to pay the mortgage, and thereafter a judgment is obtained against the administrator of the mortgagor's estate for the deficiency, the administrator cannot recover from the grantee of the land on the implied covenant of indemnity, without showing that he had paid the judgment or had sustained some loss by reason thereof.

Argued Jan. 11, 1912. Appeal, No. 296, Jan. T., 1911, by plaintiff from order of C. P. No. 3, Phila. Co., June T., 1911, No. 3774, discharging rule for judgment for want of a sufficient affidavit of defense in case of Charles A. Faulkner, Administrator of the Estate of Thomas Clements, deceased v. Hugh McHenry. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on an implied covenant of indemnity.

Rule for judgment for want of a sufficient affidavit of defense.

FERGUSON, J., discharged the rule on the ground that the plaintiff had disclosed no actual loss.

*Error assigned* was order discharging the rule.

*M. J. McManus,* of *Westcott, Westcott & McManus,* for appellant.—That this action can be maintained without proof of payment of the judgment, is fully sus-

tained by this Court, in an unbroken line of luminous decisions: McAbee v. Cribbs, 194 Pa. 94; Bamford v. Keefer, 68 Pa. 389; Carman v. Noble, 9 Pa. 366; Stroh v. Kimmel, 8 Watts 157; Miller v. Howry, 3 Penrose & Watts 374; Gardner v. Grove, 10 S. & R. 137; May's Est., 218 Pa. 64; Green v. Rick, 121 Pa. 130; Taylor v. Preston, 79 Pa. 436; Burke v. Gummey, 49 Pa. 518; Taylor v. Mayer, 93 Pa. 42; Moore's App., 88 Pa. 450.

*James L. Monihan,* with him *Robert A. Meier,* for appellee.—"The most that can be claimed for the words 'under and subject' in a conveyance of land is, that, as between the parties, it creates a covenant of indemnity to the grantor on the part of the grantee:" Taylor v. Mayer, 93 Pa. 42; Moore's App., 88 Pa. 450; Burke v. Gummey, 49 Pa. 518.

This principle, that the vendor has no right of action against the vendee to recover on an implied covenant in a deed containing the "under and subject" clause until he has been forced to pay the mortgage either in whole or in part, is reaffirmed in the later cases: Blood v. Crew Levick Company, 171 Pa. 328; Kirker v. Wylie, 207 Pa. 511; May's Estate, 218 Pa. 64.

Opinion by Mr. Chief Justice Fell, March 18, 1912: This appeal is from an order discharging a rule for judgment for want of a sufficient affidavit of defense. The defendant purchased land under and subject to a mortgage made by his grantor and because of his default the land was sold by the sheriff under proceedings on the mortgage for an amount insufficient to pay the mortgage. An action was then brought on the bond of the mortgagor and a judgment was obtained against the administrator of his estate for the deficiency. This action was by the administrator against the grantee of the land on the implied covenant of indemnity.

There is much in the facts that appear in the statement and in the averments in the affidavit of defense to

give rise to the inference that the action was not brought in the interest of the estate of the grantor but to secure to the mortgagee an advantage of which the Act of June 12, 1878, P. L. 205, deprives the owner of an encumbrance unless the grantee has expressly assumed a personal liability therefor and which provides that the use of the words under and subject to the payment of an encumbrance shall not be construed to impose a personal liability on the grantee. But the main question before the court, and that upon which its decision was based, was whether the plaintiff, who had not paid the judgment nor sustained any loss by reason thereof, could maintain the action.

Any apparent want of harmony in the decisions as to the right of a party indemnified to recover without proof of loss by the payment of the debt or otherwise, disappears when the nature of the undertaking is considered and the distinction between an obligation to do a specified thing and one of indemnity against loss resulting from non-performance is observed. Where the indemnity is against liability there is a right of recovery as soon as a liability is incurred; where it is against loss by reason of a liability there is no right of recovery until a loss occurs: Stephens v. Penna. Casualty Co., 3 Am. & Eng. Ann. Cas., 478, Note. In 16 Am. & Eng. Ency. of L. (2nd Edition), 178, the rule is thus stated, "where the contract is strictly one of indemnity the indemnitee cannot recover until he has suffered actual loss or damage; the mere incurring of liability gives him no such right; but where the contract is to protect against liability, the indemnitee may recover as soon as his liability has become fixed and established, even though he has sustained no actual loss or damage at the time he seeks to recover."

This distinction was pointed out in the recent cases of Wheeler v. Equitable Trust Co., 206 Pa. 428; Weightman v. Union Trust Co., 208 Pa. 449; Equitable Trust Co. v. Surety Co., 214 Pa. 159. In the opinion in

Weightman v. Union Trust Co., supra, it was said by our brother Potter in speaking of an agreement to do a particular thing and an agreement to save the plaintiff harmless from loss occasioned by the failure to carry out a contract, "The distinction between the two agreements is simply that between an affirmative covenant for a specific thing and one of indemnity against damages by reason of the non-performance of the thing specified. The object of both agreements may have been substantially the same, in that both were intended to save the plaintiff from loss, but the legal effect of the two agreements is essentially different." In the cases in which a recovery has been had without proof of loss or damage, there was a general indemnity, an indemnity against claims or a covenant to do a particular thing. In McAbee v. Cribbs, 194 Pa. 94, mainly relied upon by the appellant, the obligation was not one arising from a purchase of land under and subject to a mortgage, but an express covenant, made after the sale for the purpose of adjusting disputes, to assume the payment of a mortgage.

The words "under and subject" in a conveyance, import that the grantee takes the land subject to an encumbrance, the amount of which has been deducted from the agreed price, and the covenant to be inferred from it is that of indemnity for the protection of the grantor: Moore's Appeal, 88 Pa. 450; Merriman v. Moore, 90 Pa. 78; May's Estate, 218 Pa. 64. This is the doctrine of all our cases on the subject. The contract on which this action was brought being one of indemnity to the grantor, a recovery could not be had without proof of loss. The statement of claim did not show a loss, and it is averred in the affidavit of defense that no loss had been sustained.

The order discharging the rule is affirmed.