## Hoffman Company, to the use, Appellant, v. Title Guaranty and Surety Company.

*Contracts—Building contracts—Bond—Principal and surety—Subcontractors—Default—Liability of surety.*

1. Where, in an action on a subcontractor's bond conditioned to protect the general contractor from "pecuniary loss," it appeared that the subcontractor defaulted, causing the general contractor to default, and that the owners of the property on which the building was to be erected made payments to materialmen for work per-

formed, thereby acquiring a cause of action against the general contractor, the general contractor could not recover from the surety on the subcontractor's bond the amount of such payments in the absence of evidence showing that the general contractor had actually suffered pecuniary loss in consequence of the liability so incurred.

2. In such case the general contractor could not recover from the subcontractor's surety for loss of commissions sustained by the general contractor in consequence of the subcontractor's failure to carry out the contract, in the absence of evidence tending to show to what extent the general contractor would have realized profit had the building been completed under the contract.

3. In such case where the general contractor assigned his claim to the owner and brought suit to his use, no recovery could be had for the cost of finishing the work in excess of the contract price, in the absence of evidence showing the proportion of the cost which was due to the subcontractor's default.

MOSCHZISKER and POTTER, JJ., dissent.

Argued Jan. 21, 1915. Reargued March 13, 1916. Appeal, No. 332, Jan. T., 1914, by plaintiff, from final order of C. P. No. 5, Philadelphia Co., March T., 1912, No. 6343, refusing to take off nonsuit, in case of W. H. Hoffman Company, to use of George H. Earle, Jr., James F. Sullivan and Massachusetts Bonding and Insurance Company v. The Title Guaranty and Surety Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on bond. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit which the court in banc subsequently refused to take off. Plaintiff appealed.

*Errors assigned* were rulings on evidence referred to in the opinion of the Supreme Court, and in refusing to take off the nonsuit.

*Morris Wolf* and *George H. Earle, Jr.,* with them *Horace Stern,* for appellant.—The payment of $7,500

VOL. CCLV—8

made by the bondsman of the Hoffman Company on behalf of the Hoffman Company constituted a pecuniary loss to the Hoffman Company within the meaning of the bond in suit.

The profit of $5,041.60 which the Hoffman Company lost, is a pecuniary loss within the meaning of the bond: Clyde Coal Co. v. Pittsburgh & Lake Erie R. R. Co., 226 Pa. 391.

*R. Stuart Smith,* with him *John W. Graham, Jr.,* and *Charles E. Morgan,* for appellee.—The plaintiffs were not entitled to recover without proof of pecuniary loss suffered by the W. H. Hoffman Company in whose right the suit was brought. Liabilities which the Hoffman Company incurred, but which did not result in loss, were no ground for recovery: Wheeler v. Equitable Trust Co., 206 Pa. 428; Weightman v. Union Trust Co., 208 Pa. 449; Equitable Trust Co. v. National Surety Co., 214 Pa. 159; Faulkner v. McHenry, 235 Pa. 298; Brown v. Brodhead, 3 Wharton 89; Henderson v. Maryland Casualty Co., 29 Pa. Superior Ct. 398; Central Trust & Savings Co. v. Henry Kraan Furniture Co., 57 Pa. Superior Ct. 221.

The plaintiffs neither proved nor offered to prove what it would have cost the Hoffman Company to perform the principal contract, and there is, therefore, no basis for determining whether the completion of the building (if the subcontractor had not defaulted) would have resulted in a profit or in a loss; loss of profits cannot be compensated for in damages where they are incapable of definite determination: Cornelius v. Lytle, 246 Pa. 205; Clyde Coal Co. v. Pittsburgh & Lake Erie R. R. Co., 226 Pa. 391; Wilson v. Wernwag, 217 Pa. 82; Adams Express Co. v. Egbert, 36 Pa. 360.

OPINION BY MR. JUSTICE FRAZER, October 2, 1916:

The W. H. Hoffman Company, contractor, brings suit to the use of its surety, the Massachusetts Bonding and

Insurance Company, and George H. Earle, Jr., and James F. Sullivan, owners, against defendant as surety on the bond of McGavern & Lytle, subcontractors, conditioned to "indemnify and save harmless the said obligee from any pecuniary loss resulting from the breach of any of the terms, covenants and conditions of the said contract on the part of said principal to be performed."

On August 25, 1911, Earle and Sullivan, owners of a lot of ground in New York, entered into a contract with the Hoffman Company by which the latter agreed to erect and complete, on the New York property, on or before December 24, 1911, a moving picture theatre, at a sum not to exceed $63,020 for a compensation of eight per cent. of the maximum cost plus one-third the amount saved on that cost and to furnish the owners a bond in the sum of $30,000 conditioned for the faithful performance of the contract. On August 22, 1911, three days before the contract with Earle and Sullivan was signed, but in contemplation of its execution, the Hoffman Company entered into a subcontract with McGavern & Lytle, by which the latter agreed to do the excavating, structural and carpenter work on the building for a consideration therein specified and complete their contract not later than December 1, 1911. The Hoffman Company procured the Massachusetts Bonding and Insurance Company as surety on its bond to the owners, but before this bond was executed the Massachusetts Company required McGavern & Lytle to furnish a bond with surety to the Hoffman Company for the completion of the work as per their contract. In accordance with this requirement at the time of executing the subcontract with McGavern & Lytle, the latter gave to the Hoffman Company a bond with the defendant as surety, containing the conditions above recited, and on which bond the present action is founded.

McGavern & Lytle failed to prosecute the work with proper diligence and finally in November, 1911, because of lack of funds, abandoned the contract. Notice that

the work was not proceeding as per contract was given by the Hoffman Company to defendant November 27, 1911. Following this action a number of conferences were held between the Hoffman Company and defendant as surety with a view to arrange for completing the work, defendant ultimately notifying the Hoffman Company it would do nothing further, and denying all liability for expense incurred in completing the work. In the meantime the Hoffman Company also became financially involved, by reason of the loss sustained in connection with the work and was unable to proceed to complete the contract, and, as a result of such default, its surety, the Massachusetts Company, settled with the owners of the theatre for the sum of $7,500, a sum alleged to be less than the damages the company would eventually become liable for under its bond by reason of noncompletion of the premises. To secure the finishing of the building the owners entered into a new contract with another firm to whom they were obliged to pay the sum of $2,000 in excess of the amount called for in their original contract. In addition to this sum there were unpaid claims of subcontractors amounting to $2,498.50 the owners were obliged to pay before the work on the building could be resumed under the new contract. The Hoffman Company brought this action for the use of the owners and the Massachusetts Bonding & Surety Company to recover the above amount, and, by subsequent amendment to the statement of claim, included the sum of $5,041.60, alleged loss of the Hoffman Company as the minimum profit or commission which it would have earned, had McGavern & Lytle performed their contract. The trial judge sustained objections to offers to prove the various items of loss and entered a nonsuit on the ground that, as none of these items claimed in the original statement had been paid by the Hoffman Company, it had suffered no pecuniary loss within the meaning of that term as used in the bond, and, as the contract was never in fact carried out but a new one made with a new

contractor, the Hoffman Company had no right against defendant for loss alleged to have been sustained by reason of unearned commissions or compensation. -

The three items of damages claimed in the original statement are sums paid out not by the Hoffman Company, the obligee in the bond, but by Earle and Sullivan, the owners, and by the Hoffman Company's own surety. No action was instituted on these claims against the Hoffman Company, and, from the evidence as to its financial condition, it does not appear that a judgment against it, if obtained, could be collected. A discussion as to whether these items were a proper measure of damage for the breach of contract by defendant's principal, is unnecessary. Assuming, however, they were a natural result to be anticipated by the parties as a consequence of the breach of contract, it does not appear the Hoffman Company has suffered "pecuniary loss" in the matter. That company has paid nothing on its own account and while its liability exists for the amounts paid by others in its behalf, defendant has not undertaken to indemnify against liability. Its contract is one of indemnity against actual pecuniary loss and the mere incurring of liability does not give rise to a cause of action. The existing indebtedness of the Hoffman Company may never be paid or enforced by the claimants, or their claims may be compromised for a considerably less amount than the face of the obligations. In the former case no loss is sustained and in the latter the loss would be measured not by the extent of the obligation but by the amount paid in settlement. In the case of Faulkner v. McHenry, 235 Pa. 298, the distinction between indemnity against liability and indemnity against loss is clearly pointed out by this court and our ruling there is applicable to the present case. It was there held a judgment obtained against a mortgagor for a deficiency in the proceeds of foreclosure proceedings on land conveyed under and subject to the mortgage, can not be made the basis of recovery against the grantee of the land on his implied covenant for in-

demnity without showing payment of the judgment, or that an actual loss had been sustained. After stating the question before the court to be whether the plaintiff, who had neither paid the judgment nor shown other loss, could maintain an action, it was said by this court (page 300) : "Any apparent want of harmony in the decisions as to the right of a party indemnified to recover without proof of loss, by payment of the debt or otherwise, disappears when the nature of the undertaking is considered and the distinction between an obligation to do a specified thing and one of indemnity against loss resulting from nonperformance is observed. Where the indemnity is against liability there is a right of recovery as soon as a liability is incurred; where it is against loss by reason of liability there is no right of recovery until a loss occurs." Under this decision the court below was right in holding that no pecuniary loss on the part of the Hoffman Company had been shown.

The amended statement claims $5,041.60 alleged loss in commissions, sustained by the Hoffman Company by reason of failure of defendant's principal to carry out its contract which resulted in preventing the Hoffman Company from completing its work. The obstacle to this claim is the absence of evidence tending to show to what extent the Hoffman Company would have realized profits had the building been fully completed under its contract. That company never completed the work it contracted to do, but, on the contrary, abandoned it entirely necessitating a new contract between the owners and third persons. True, it claims the making of the new contract was due to the default of McGavern & Lytle; assuming this to be correct and that the loss of profits would be the proper measure of damage, what evidence have we from which the amount of such profits may be ascertained. As in other matters, loss of profits must be shown with sufficient definiteness and certainty to warrant the jury in estimating their extent and in absence of such proof as in this case, they will be rejected: Wilson v. Wernwag, 217 Pa. 82. The contract between the Hoff-

man Company and the owners contains a provision limiting the maximum amount of the owner's liability to the sum of $63,020. The liability of the owners, was thus confined to the sum stated plus eight per cent. as a commission or compensation to the contractor. If, for any reason, the inability of the contractor to complete the undertaking for the sum stated arose, he was still entitled to his commission subject however to any excess in cost over and above the sum of $63,020 which must be borne by him and would to that extent reduce his profit under the percentage clause, and, if the excess reached the sum of the commission provided for, his profit would be entirely eliminated. The measure of his loss of profits cannot therefore be determined until his contract is fully completed or he has at least offered proof that the completion of the building within the contract price was reasonably certain.

The amended statement of claim avers the loss of the $5,041.60 by reason of defendant's default, but at the same time avers the additional cost to the owner of finishing the work was $5,730. The proportion of this cost due to the subcontractor's default and the amount due to other causes, do not appear. The offer of evidence on this point is also devoid of anything tending to show the amount, if any, of the net profits the work would have realized to plaintiff. Had he completed the contract instead of abandoning it altogether, his loss would be readily ascertainable. In view of the course adopted it, would seem he voluntarily relinquished the only practical method of determining the amount of loss.

The judgment is affirmed.


DISSENTING OPINION BY MR. JUSTICE MOSCHZISKER:

It seems to me, to deny the plaintiffs a right of recovery on the ground that, under the circumstances at bar, the Hoffman Company incurred no loss, is not only wrong in

law, but not required on principle or by the authority cited.

Faulkner v. McHenry, 235 Pa. 298, is not in any sense analogous to the present case. There a grantor of real estate created a bond and mortgage, and the grantee contracted to indemnify him against loss by reason thereof; a judgment was entered against the grantor for part of the mortgage debt; whereupon he instituted suit against the grantee on the contract of indemnity. We held that the grantor had no right of recovery until the judgment was paid, on the ground that, where the covenant for indemnity is against loss, there can be no recovery until an actual loss occurs, saying, "When the contract is strictly one of indemnity the indemnitee cannot recover until he has suffered actual loss or damage; the mere incurring of liability gives him no such right." The case in question was properly decided, and the governing principle correctly stated; but, as before said, it is not analogous to the one at bar.

In Faulkner v. McHenry, if there had been a surety for the grantor, to the holder of the mortgage, and such surety had paid the judgment on his principal's account, then the cases would have been practically analogous; and, on such a state of facts, it could not have been said the grantor had merely incurred a liability, but had suffered no loss.

In other words, had the circumstances in the Faulkner case been as just suggested, it, like the present case, would have been an instance where the plaintiff had not merely suffered a liability by the entry of a judgment against him, but where, through his surety, he had actually paid the judgment and thereby incurred a loss which entitled him to sue and recover on the indemnity covenant in his favor. Under such circumstances, the mere fact that the surety, instead of the principal, had paid the judgment, and the latter had thereby incurred a liability to the former, would not properly enter into a subsequent case between the grantor and the grantee on

the latter's contract of indemnity, any more than if a
friend of the grantor's had 'loaned him the money with
which to make the payment, and he had thereby incurred
a liability to his friend; for, in such an action, an in-
quiry into that liability would be entirely irrelevant.

In my opinion, we should view the case at bar as
though the surety had handed the $7,500 to the Hoffman
Company, and the latter had paid Earle and Sullivan that
amount, and thereby incurred a loss.  The mere fact that
the surety, instead of handing over the money, paid it
for the Hoffman Company's account, does not alter the
situation; that is to say, this is not a case where the
Hoffman Company has merely incurred a liability to
Earle and Sullivan, but where, through its surety to
whom it is liable, the Hoffman Company has actually
paid its debt to Earle and Sullivan and thereby suffered
a loss.

For the reasons stated, I cannot concur in the majority
opinion, and, therefore, mark my dissent.

POTTER, J., joins in this dissent.