Ruzyc et ux., to use, Appellants, *v.* Brown et ux.

Argued October 3, 1935. Before FRAZER, C. J., KEP-
HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Samuel G. Wagner*, of *Wagner & Wagner*, with him
*Alexander J. Bielski* and *Lightcap & Lightcap*, for ap-
pellants.

*Vincent R. Smith*, for appellee.

OPINION BY MR. JUSTICE LINN, November 25, 1935:

This suit grew out of the exchange of land owned by
the legal plaintiffs for land owned by defendants. Both
tracts were subject to encumbrances created by the re-
spective owners. The agreement for the exchange, and
the deeds delivered in discharge of the agreement, con-
tained provisions by which each grantee assumed and
agreed to pay, as part of the consideration, the mort-
gage debts secured on the conveyed land. The legal
plaintiffs performed, but, when the bond and mortgage
matured and payment was demanded of them, the de-
fendants defaulted. The mortgagee entered judgment
on the bond for the amount due on the mortgage, had
the land sold, and became the purchaser at the sheriff's

sale for $210.00, a sum less than the judgment. She then demanded payment of the difference between the amount of the judgment and the amount realized at the sale, and threatened to collect the deficiency by execution against other property of the mortgagors. To resolve that situation, the grantor-mortgagors brought this suit, to the use* of the mortgagee, against the defendants for the amount remaining due on the judgment entered on the bond, which, it was alleged, the defendants had promised to pay to the mortgagors.

It has long been definitely settled (apart from recent legislation enacted since the sale in question which we need not consider) that when a mortgagee purchases at his foreclosure sale for less than the amount of his judgment, he may recover the deficiency from his debtor: Lomison v. Faust, 145 Pa. 8, 23 A. 377; Mollenauer v. Smith, 51 Pa. Superior Ct. 517. See also, Ruetschlin's Estate, 245 Pa. 473, 478, 91 A. 857; Dintenfass v. Greenberg, 318 Pa. 20, 177 A. 788. For that deficiency the legal plaintiffs were therefore liable to the mortgagee, and they would not have been heard to answer to a writ of execution issued at the instance of the mortgagee (so the same authorities hold) that the mortgaged land purchased by her at the sheriff's sale was worth more than the amount realized at the sale; or that they were liable only if at trial they were unable to show that the market value of the land was equal to or in excess of the deficiency; or that their liability was limited to the difference, if any, between the judgment and the market value of the land accepted as security and thereafter purchased at the sheriff's sale.

* "... where the grantee personally assumes and agrees to pay the mortgage ... the liability of the grantee ... extends to the mortgagee, who may recover the mortgage debt upon default by an action in the name of the grantor to the use of the mortgagee": Britton v. Roth, 313 Pa. 352, 356; McCurdy's Estate, 303 Pa. 453.

The defendants plead, however, that, notwithstanding the inability of the grantor-mortgagors to rely on these defenses, they are in better position and need not perform their obligation to their grantors because the land purchased by the mortgagee was worth more than the amount of the judgment against the grantors, and that, by taking the land (of greater value than the judgment) at the sheriff's sale, both the grantors' obligation to the mortgagee and defendants' obligation to the grantors were discharged. At the trial there was evidence that the market value of the land exceeded the judgment and no evidence that it was less, whereupon the learned court below directed a verdict for defendants, from the judgment on which this appeal comes.

The defendants rely on Faulkner v. McHenry, 235 Pa. 298, 83 A. 827; it does not aid them. The rule applied in that case, in holding the affidavit of defense sufficient, was that a grantee who had taken land "under and subject" to a mortgage would not be liable to the mortgagor's administrator for a deficiency resulting from a foreclosure sale for less than a sum sufficient to pay the mortgage without proof that he had sustained a loss. It appeared that the grantee had taken "under and subject" to a mortgage but there was not, as there is in the present case, a direct assumption or agreement by the grantee to pay the mortgage debt. The decision, as the opinion states, rested on the principle that "The words 'under and subject' in a conveyance, import that the grantee takes the land subject to an encumbrance, the amount of which has been deducted from the agreed price, and the covenant to be inferred from it is that of indemnity for the protection of the grantor: Moore's Appeal, 88 Pa. 450; Merriman v. Moore, 90 Pa. 78; May's Estate, 218 Pa. 64. This is the doctrine of all our cases on the subject. The contract on which this action was brought being one of indemnity to the grantor, a recovery could not be had without proof of loss."

But there is an essential difference in the implied obligation resulting from taking under and subject to the mortgage and expressly agreeing to pay the mortgage debt. By personally assuming this obligation, the grantees agreed to protect their grantors not only from loss but also from liability. And, FELL, C. J., in Faulkner v. McHenry, supra, noted the distinction: "Where the indemnity is against liability there is a right of recovery as soon as a liability is incurred; where it is against loss by reason of a liability there is no right of recovery until a loss occurs: Stephens v. Penna. Casualty Co., 3 Am. & Eng. Ann. Cas., 478, Note. In 16 Am. & Eng. Ency. of L. (2d Edition), 178, the rule is thus stated: 'where the contract is strictly one of indemnity the indemnitee cannot recover until he has suffered actual loss or damage; the mere incurring of liability gives him no such right; but where the contract is to protect against liability, the indemnitee may recover as soon as his liability has become fixed and established, even though he has sustained no actual loss or damage at the time he seeks to recover.'" Whether the obligation is to indemnify against liability, or merely against loss, depends, of course, on the agreement of the parties, and where the grantee expressly agrees to pay the mortgage he assumes personal liability: Lowry, Trustee, v. Hensal's Heirs, 281 Pa. 572, 127 A. 219; Gill's Estate, 268 Pa. 500, 112 A. 80. In McAbee v. Cribbs, 194 Pa. 94, 97, 44 A. 1066, FELL, J., said of an agreement to pay the mortgage: "It is a distinct assumption of the payment of the mortgage, and, as between the parties, there is an implied covenant to indemnify the plaintiff against all liability by reason thereof." It is the settled doctrine of our decisions since the Act of June 12, 1878, P. L. 205, that while the covenant implied from a conveyance "under and subject," without more, is an agreement to indemnify against loss, the obligation is more comprehensive when the grantee expressly agrees to pay the

mortgage debt; in such cases the obligation is to indemnify against liability. When the debt matured and defendants failed to pay they became liable on their contract with the grantors. The grantors were liable to the mortgagee and might then have required payment in full to her, in which event she would have been required to satisfy the mortgage in the interest of defendants who held the land; the defendants would then have the land clear of the encumbrance and would have paid only what in the beginning they agreed to pay. In default of payment the defendants of course became liable to suit to satisfy the obligation for which their grantors had become liable at maturity. On this record the amount of the liability was fixed by the judgment, less what was realized by the sale of the land, no fraud nor other cause of infirmity in the sale being alleged. This difference between agreements indemnifying against liability and those indemnifying against loss, is not peculiar to grants of encumbered lands, but is found generally: Fair Oaks B. & L. Ass'n et al v. Kahler, 320 Pa. 245; Stroh v. Kimmel, 8 Watts 157; Ardesco Oil Co. v. Mining Co., 66 Pa. 375, 381; McAbee v. Cribbs, supra; Equitable Trust Co. v. Nat. Surety Co., 214 Pa. 159, 162, 63 A. 699; West v. MacMillan, 301 Pa. 344, 347, 152 A. 104; Henderson v. Md. Casualty Co., 29 Pa. Superior Ct. 398, 403; Malley v. American Indemnity Corp., 297 Pa. 216, 221, 146 A. 571; Moses v. Ferrel et al, 97 Pa. Superior Ct. 13; Williston, Contracts, section 1409.

The assignment of error complaining of the refusal to grant plaintiffs' motion for judgment n. o. v. is sustained and the record is remitted with instructions to grant the motion.