## Carey et ux. v. Truesdell et ux.

*S. L. Gilson* and *George G. Stout*, for plaintiffs.
*Gunnison, Fish, Gifford & Chapin,* for defendants.

EVANS, J., May 1, 1940.—This matter comes before the court on exceptions to conclusions of law and order for judgment entered for defendant on November 27, 1939. By stipulation of counsel, with leave of court, the matter was tried on agreed facts before Hon. Lee A. McCracken, president judge of the twenty-eighth judicial district, specially presiding.

The pertinent facts concerning which there is no dispute are as follows: On August 9, 1932, plaintiffs executed and delivered to defendants a deed to certain property in Allegheny County, Pa., the deed containing the following stipulation: "The grantees assume all tax obligations for said property at 106 Washington Avenue, Oakmont, for the year 1932." The property at that time was also encumbered by a mortgage in favor of the Peoples-Pittsburgh Trust Company of Pittsburgh. On June 4, 1934, the above-mentioned bank foreclosed the mortgage and purchased the property for the sum of $2,004.50, which included the school, borough and county taxes for the year 1932 in the amount of $728.87. These taxes were paid by the Sheriff of Allegheny County to the respective taxing authorities. On December 22, 1936, the bank demanded from plaintiffs reimbursement for the sum expended for taxes, and in default of payment therefor, entered suit against plaintiffs on March 28, 1938. On January 5, 1939, the suit was compromised and settlement made with the bank by plaintiffs for the sum of $650.45. Plaintiffs were also required to pay attorneys' fees in connection with the defense and settlement, in the amount of $50; and to recover both of these items in the amount of $700.45 this suit was started on April 8, 1939.

The only question presented is as to whether or not the statute of limitations is a bar to recovery in these proceedings, and to determine this we must ascertain when the right of action arose under the contract to assume the

1932 taxes. We find no decisions covering this question as it affects tax obligations, but the question has been raised many times in connection with the assumption of bond and mortgage obligations and there is no reason why the same rules of law should not apply. In such cases, if the contract is one of indemnity against loss, the loss must be shown before the indemnity covenant is available or can be enforced: Faulkner v. McHenry, 235 Pa. 298. When the language of the contract set forth in the deed is that the grantee assumes and agrees to pay the encumbrance, a broader liability is created. It is an absolute promise to pay, and enforcible immediately: Ruzyc et ux., to use, v. Brown et ux., 320 Pa. 213; Fair Oaks B. & L. Assn. v. Kahler, 320 Pa. 245; 37 C. J. 751, §77. In the present case we have the word "assumes" only, but we believe it must be found that the intention of the parties was to create the same obligation as would have been created had the words "assumes and agrees to pay" been used.

The cause of action, which was the nonpayment of taxes by these defendants, commenced on August 9, 1932. When this action was brought on the agreement to save harmless, over seven years had elapsed: Furst, to use, v. Building & Loan Assn., 128 Pa. 183, 189. Plaintiffs were notified on December 22, 1936, of their obligation to the bank, and at that time could have proceeded as the parties did in Ruzyc et ux., to use, v. Brown et ux., supra. It was not necessary to wait until suit was started and recovery had against them before beginning this action, and the statutory period of six years having run prior to the commencement thereof, there is now no liability from the defendants to the plaintiffs.

And now, May 1, 1940, the exceptions to the conclusions of law and order for judgment are dismissed.