## Bamford *versus* Keefer.

1. A promise of indemnity is broken by the recovery of a judgment against the person to whom the promise was made, and he may maintain an action without proof of payment.

2. A *capias ad satisfaciendum* was issued and the defendant discharged at the request of the plaintiff. *Held*, that the judgment was satisfied.

3. A defendant so discharged is still entitled under a contract to indemnity, to such costs and charges as he has been put to and such damages as he has sustained by litigation.

January 26th 1870.* Before THOMPSON, C. J., READ, SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Northumberland county:* October Term 1869.

This was an action of covenant brought by John Bamford against George Keefer. George Keefer having obtained a judgment

* The opinion not delivered till this term.

before a justice of the peace, against Israel B. Dunkelberger for $47.41, issued execution directed to John Bamford, constable, who returned "no goods." Keefer then executed the following agreement:—

"To John Bamford, constable, of Zerbe township. This certifies that I hereby indemnify you against all damages you may sustain in the collection of my money, on execution issued off of the docket of A. A. Heim, Esq., and placed in your hands for collection of I. B. Dunkelberger. Witness my hand and seal this 22d day of August 1859.

  Witness,      GEORGE KEEFER. [L. S.]"
"HENRY CLEMENT."

and issued an alias execution, which Bamford served and returned "no goods."

Upon a pluries execution Bamford returned "levied on one mule and sold for $43;" the mule so levied on was in the possession of Jonathan Dunkelberger, the father of Israel B. Dunkelberger, and was claimed by him as his property.

Jonathan Dunkelberger then brought an action of trespass against Bamford, and recovered a verdict of $316.56, upon which judgment was entered, and after several fruitless writs of *fieri facias* a *capias ad satisfaciendum* was issued which was returned endorsed "The sheriff is hereby requested to discharge the defendant at the costs of the plaintiff," signed by the plaintiffs' attorney.

This suit was brought upon the foregoing agreement to indemnify, upon the trial of which it was admitted that John Bamford and George Keefer employed counsel to defend the suit of Jonathan Dunkelberger against Bamford.

The court directed the jury to find a verdict in favor of the defendant, which was done.

The plaintiff took a writ of error and assigned for error the the instruction of the court to the jury.

*S. B. Boyer* and *Hill & Wolverton*, for plaintiff in error, cited Stroh *v.* Kimmel, 8 Watts 157; Bancroft *v.* Winpear, 5 Am. Law Reg. 505; Bank *v.* Douglass, 4 Watts 95; Carman *v.* Noble, 9 Barr 366; Jackson *v.* Knight, 4 W. & S. 412.

*J. K. Davis, Jr.*, and *J. B. Packer*, for defendant in error, cited Fitler *v.* Fossard, 7 Barr 540; Vigers *v.* Aldrich, 4 Burr. 2483; Palethorpe *v.* Lesher, 2 Rawle 272; Sharpe *v.* Speckenagle, 3 S. & R. 464; Freeman *v.* Ruston, 4 Dall. 214.

The opinion of the court was delivered, March 13th 1871, by

READ, J.—In this case the court below directed the jury to find a verdict in favor of the defendant, but delivered no opinion

[Bamford v. Keefer.]

and assigned no reasons. We are therefore obliged to collect the nature of the plaintiff's claim, and of the defendant's defence, from the meagre record before us, assisted by the paper-books of the parties.

It is undoubtedly the law, that a promise of indemnity is broken by the recovery of a judgment, against the person to whom the promise was made, and he may maintain an action upon it without proof of payment of the judgment: Stroh v. Kimmel, 8 Watts 157; Bank v. Douglass, 4 Watts 95; Carman v. Noble, 9 Barr 366, 371; Gardner v. Grove, 10 S. & R. 137, 139, Tilghman, C. J.; Miller v. Howry, 3 Penna. R. 374.

A judgment before a justice was obtained by George Keefer against Israel B. Dunkelberger, on the 7th May 1859, for $47.41, and on the 11th July execution issued to John Bamford, constable, and on the 30th July, the execution was returned "no goods found." On the 22d August 1859, George Keefer gave John Bamford constable, a bond of indemnity, and on the next day an alias execution issued to said John Bamford, constable, which on the 12th September was returned "no goods found," and on the 8th October 1859, a pluries execution issued to John Bamford, constable, who on the 29th October returned levied on one mule and sold for $43, and money paid into office, which was received by George Keefer, who entered "Received satisfaction" on the docket. Jonathan Dunkelberger commenced an action of trespass against John Bamford, for the taking of the said mule, and recovered a judgment against him for $316.56. This suit was defended by George Keefer, who employed counsel. This suit is brought by the plaintiff against the defendant, to recover the amount of the said judgment and all damages sustained by him.

In answer to this the defendant alleges that the bond does not apply to this case, but in this we think he errs, and his action proves that he thought it did. But his real defence is that upon a capias ad satisfaciendum issued by Dunkelberger on his judgment, Bamford was taken in execution, and discharged by the plaintiff's attorney under the following order to the sheriff: "The sheriff is hereby requested to discharge defendant at the costs of the plaintiff."

This whole subject is considered, discussed and decided in Magniac v. Thomson, 15 Howard 281, and there is no doubt that at common law this judgment was satisfied, and the exception made by the 31st section of the Act of 16th June 1836, only applies where the discharge is at the request of the defendant.

But this does not dispose of the case, for the plaintiff is clearly entitled to such costs and charges as he has been put to, and such damages as he has sustained by a litigation, running through seven years and upwards and ending in his incarceration.

Judgment reversed, and *venire de novo* awarded.