# Long *v.* Cherington, Appellant.

*Practice—Capias ad satisfaciendum—Discharge.*

A capias ad satisfaciendum was issued and returned "Stayed." The evidence showed that the sheriff had undertaken to arrest the defendant, but had been so much intimidated by defendant and his counsel who denied the legality of the writ, that he had let the defendant go free. Subsequently an alias capias ad satisfaciendum was issued. *Held,* that the issue of such a writ was proper, and that the court below was not in error in refusing to quash it.

Argued April 10, 1894. Appeal, No. 210, Jan. T., 1894, by defendant, William H. Cherington, from order of C. P. Columbia Co., May T., 1891, No. 39, discharging rule to quash writ of alias ca. sa. issued by Clara Long, plaintiff. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to quash alias ca. sa.　Before IKELER, P. J.

From the record it appeared that on Feb. 9, 1891, plaintiff began an action by capias in trespass for slander against defendant, and upon the trial of the cause recovered a verdict for $350, upon which judgment was entered.　A fi. fa. and ca. sa. were issued, and defendant was taken into custody by the sheriff.　The defendant and his counsel denied the authority of the sheriff, and so defied him that the sheriff was intimidated, and permitted defendant to go free.　Subsequently an alias ca. sa. was issued.　This rule was then taken.

The deposition of the sheriff was in part as follows :

" On the day of arrest I consulted none of the plaintiff's attorneys, but released the defendant at the instance of the defendant's counsel, Mr. Wintersteen.　Wintersteen came and threatened me with the law if I did not leave the defendant go ; he said we had issued before twenty days were up.　Mr. Wintersteen persuaded me to let the defendant go on the ground that the writ had been issued too soon.　In the prosecution of this case I did not act for my daughter, the plaintiff.　I do not know that I asked plaintiff's counsel to issue this writ or any subsequent writ.　I recollect that I asked plaintiff's counsel what was to be done with this writ after we had let him go, and they said, stay it.　Mr. Wintersteen was counsel for the defendant at the trial and at this time, and all this happened in the presence of defendant and his counsel.　I did not have the defendant in jail at the time.　I simply let Mr. Cherington go that day to see whether I was right or wrong."

Rule discharged in the following opinion by IKELER, P. J.:

" It appears by the depositions in the case that the defendant was arrested on a former ca. sa. by the sheriff's deputy, Wm. Thomas, and brought from his home in Roaringcreek township to the town of Bloomsburg, where, at the defendant's request, he was taken to the law office of lawyer Wintersteen, from whence the latter accompanied the said deputy and defendant to the sheriff's office.　There, in the presence of the sheriff, Mr. Wintersteen challenged the right of the sheriff to make the arrest and defied his authority to hold the defendant, because, as he alleged, the capias ad satisfaciendum had been prematurely issued.　The sheriff says he then let the defendant go, to see whether he was right or wrong.　Subsequently it

appears that the plaintiff's attorney marked the writ of ca. sa. 'stayed,' or directed it to be so returned by the sheriff, which was done, and this alias issued. Now, the single question is, whether the defendant can be arrested and held upon the alias writ of ca. sa.? We are unable to find any adjudicated cases exactly in point. Those cited by counsel for defendant, as follows, viz.: 15 Howard, 281, and 3d Clark, 457, occurred and were decided under the common law, prior to the act of June 16, 1836. The case of Bamford v. Keefer, 68 Pa. 389, plainly decides that the exception made to the foregoing cases, which hold that the judgment is satisfied and that the defendant cannot be held, by the 31st section of the act of June 16, 1836, only applies where the discharge is at the request of the defendant. The exception is ' that if the defendant die, escape, or be discharged by reason of any privilege, or at his own request, the party entitled to the benefit of the judgment may have such remedies at law for the recovery thereof as he would have been entitled to if such capias ad satisfaciendum had not been issued.' Surely, if the defendant had forcibly made his escape he could have been rearrested, and effecting it in the manner in which he did is, perhaps, more cunning but little less culpable. It is evident, to say the least, that the defendant's discharge, by the sheriff, was obtained at his own request, through the defiant attitude of his counsel, Mr. Wintersteen.

" As we interpret the exception in the 31st section of the act of 16th June, 1836, the mere permission of the sheriff that the defendant might go free until he could see whether he was right or wrong, granted upon the request of the defendant, will not prevent the defendant's arrest and imprisonment upon another writ of ca. sa., if necessary for the recovery of the judgment. If the defendant had been released at the request of the plaintiff or with her consent and approval, then we should hold the alias ca. sa. void, but being permitted to go, by the sheriff, at the urgent and threatening attitude of the defendant's counsel, in the absence of the plaintiff, or her attorney, and the mere order of the plaintiff's attorney staying the first writ in order to issue another in the regular manner, was not such consent and discharge by the plaintiff as would prevent him from issuing and executing an alias writ of ca. sa. The action of the sheriff was without authority and a deviation from his regular

duty. In fact the defendant was freed by the unlawful and unfair advantage taken of the sheriff by the defendant himself and his counsel, and the plaintiff, in simply staying the first writ to cure an irregularity, or in order to pass over the first return day after its issue, is not concluded thereby.

"According to the evidence the discharge of the defendant was irregular, disorderly, and procured by unfair and improper means, without the consent or knowledge of the plaintiff, and she is therefore in no wise bound by it in proceedings to collect her judgment. The discharge was not such an one as will privilege the defendant from being arrested on the alias ca. sa. and imprisoned upon failure to pay or produce property with which to pay said judgment."

*Error assigned* was above order, quoting it.

*C. E. Geyer*, for appellant, cited: T. & H. Pr. §§ 1079, 1411; Davis v. Lecky, 1 Watts, 66; Cable v. Cooper, 15 Johns. 155; Dowdel v. Hamm, 2 Watts, 61; Act of June 16, 1836, § 28, P. L. 766; Magniac v. Thomson, 15 How. 281; Bamford v. Keefer, 68 Pa. 391; Jordan v. Minster, 3 Clark, 457; McCauley v. Kelly, 2 W. N. 30; Clark v. Everett, 2 Grant, 416; Smith v. Com., 59 Pa. 328; Hopkinson v. Leeds, 78 Pa. 396.

*Grant Herring*, *Fred Ikeler* and *W. H. Rhawn*, for appellee, not heard, cited: Dowdel v. Hamm, 2 Watts, 61; Hecker v. Jarret, 3 Bin. 404; Baker v. Ridgway, 2 Bing. 41; Thompson v. Lockwood, 15 Johns. 256; Lansing v. Fleet, 2 Johns. Cas. 3; McGuinty v. Herrick, 5 Wend. 241.

PER CURIAM, April 23, 1894:

This appeal is from the refusal of the court below to set aside an alias ca. sa. The allegation is that on a previous writ the defendant had been taken into custody by the sheriff and afterwards discharged therefrom by that officer. If we look to the record we find only that a previous ca. sa. was issued and returned "Stayed."

If we look to the evidence, and the findings of the learned judge therefrom, we are equally unable to see any reason for quashing this writ or staying proceedings upon it. It is true

that the sheriff did undertake the arrest of the defendant upon the first writ of capias, and went with him to the office of his counsel, where the regularity of the writ was denied, and the authority of the sheriff to hold the defendant under it was defied. The sheriff was so much intimidated by what was said and done that he did not insist on the arrest, but went to consult his own legal adviser, and the defendant went home. What the effect of this conduct might be if the plaintiff was complaining of it, is a question not now necessary to consider. It is the defendant himself who is setting up his own success in resisting the authority of the sheriff as a satisfaction of the writ.

The judgment is affirmed.