622

## Ritter v. Stricker

*Paul A. Kunkel*, for plaintiff; *Victor Braddock*, for defendant.

HARGEST, P. J., March 12, 1934.—This matter now comes before us upon a petition to show cause why the writ of capias ad satisfaciendum issued June 2, 1933, should not be quashed. The plaintiff obtained a verdict against the defendant on April 22, 1933, for $106.85, for property damage to his automobile. On May 10, 1933, the plaintiff, without the payment of a jury fee or the entry of a judgment, caused a writ of capias ad satisfaciendum to issue, and the defendant was taken into custody.

On May 29, 1933, the defendant presented her petition to be discharged under the Act of June 1, 1915, P. L. 704, on the ground that she was without assets of any kind. On the same day, she filed bond in the sum of $250, conditioned that she would appear and if not discharged surrender herself or comply with any decree that the court might make. A hearing was fixed for June 19, 1933. On June 1, 1933, plaintiff made a motion to vacate the order of court permitting the defendant to be discharged on bail and on June 2, 1933, entered judgment on the verdict upon payment of the jury fee and filed another præcipe for a writ of capias ad satisfaciendum without staying or asking that the first writ be stayed, but setting out in her præcipe, "the court having found that the prior writ was issued by the court prematurely." This præcipe did not ask for an alias writ. On June 3, 1933, the defendant was again arrested on the second capias and on that day presented her petition for a rule to show cause why this second writ should not be quashed, on the ground that the judgment was satisfied insofar as the right to a capias ad satisfaciendum is concerned by the arrest of the defendant on the first writ, to which the plaintiff filed an answer.

In Long v. Cherington, 161 Pa. 248, where a capias ad satisfaciendum was issued and returned stayed, and the evidence showed that the plaintiff had undertaken to arrest the defendant but had been intimidated by him and his counsel, who denied the legality of the writ, so that he had let the defendant go free, and subsequently an alias was issued, it was held that the alias should not be quashed. In that case the court, referring to the intimidation of the sheriff, said:

"What the effect of this conduct might be if the plaintiff was complaining of it, is a question not now necessary to consider. It is the defendant himself who

is setting up his own success in resisting the authority of the sheriff as a satisfaction of the writ."

In Keighron v. Dunn & Connelly, 16 Luz. L. R. Rep. 107, 22 Dist. R. 596, it appeared that a capias was illegally issued beginning an action for embezzlement. The defendant gave bail as required by the writ in that case. It was held: "Bail given to escape arrest and confinement cannot be said to be voluntary." The court said: "The courts will not invent arbitrary technicalities in order to deprive any person of his liberty." In Bamford v. Keefer, 68 Pa. 389, a capias ad satisfaciendum was issued, the defendant was discharged at the request of the plaintiff, and it was held that the judgment was satisfied. As we view this case, the action of the plaintiff is tantamount to consenting to a discharge of the defendant under the first writ. The plaintiff had no right to two writs outstanding at the same time. There was no disposition of the first writ, and yet the plaintiff with the first writ outstanding issued a præcipe for a second writ. This is tantamount to consenting to the discharge on the first. In what position, then, has the plaintiff left the case? Section 31 of the Act of June 16, 1836, P. L. 755, 12 PS § 2143, provides:

"A judgment shall be deemed to be satisfied by the arrest or imprisonment of the defendant, upon a capias ad satisfaciendum, if such defendant die in prison, or escape, or be discharged therefrom by reason of any privilege, or at his own request, but the party entitled to the benefit of the judgment, may have such remedies at law for the recovery thereof, as he would have been entitled to if such capias ad satisfaciendum had not been issued".

In the plain language of this statute, the arrest satisfies a capias ad satisfaciendum. If the defendant by intimidation or trick should secure his own discharge, it would not prevent the issuance of an alias: Long v. Cherington, supra; but this statute also provides that where the defendant is discharged "at his own request" the writ is satisfied. We construe this to mean that, where the defendant has shown sufficient legal reason for the discharge, no further proceeding against him under the writ can be taken. In the case before us, the plaintiff chose to cause a writ to be prematurely and illegally issued. It was the plaintiff who set the law in motion. She took the chance of the legality of her action. She required the defendant to be arrested and to give bail to keep out of jail. The plaintiff then, without waiting for the disposition of the rule granted or for the hearing fixed, caused a second writ to be issued. There is no statutory right or justification for such procedure. Under orderly process, the hearing on the writ should have been held and the writ disposed of. But any view that we may take of this case brings us back to the proposition that the statute provides that where a capias has been issued and the defendant legally discharged "at his own request" the capias is satisfied. If it be said that the defendant's discharge was not complete because the hearing on the first petition of the defendant was not held, then it follows that the second capias was just as premature as the first which was issued before a judgment was entered. When a plaintiff desires to pursue the extraordinary remedy of arrest for a debt, every provision of the statute must be strictly observed. It follows that this second capias cannot be sustained.

And now, March 12, 1934, the rule granted to show cause why the capias ad satisfaciendum issued on June 3, 1933, should not be quashed is hereby made absolute, and the said writ is hereby quashed at the costs of the plaintiff.

From Homer L. Kreider, Harrisburg, Pa.