## Bacher Estate

Before Sinkler, P. J., Klein, Bolger, Ladner, Hunter and Boland, JJ.

*Francis X. Quinn,* for accountant, exceptant.

*James P. McCormick,* Assistant United States Attorney, and *Gerald A. Gleason,* United States Attorney, for residuary legatee, exceptant.

*Mark E. Lefever*, of *Conlen, LaBrum & Beechwood*, contra.

BOLAND, J., December 23, 1949.—Decedent, Clara Bacher, died March 21, 1944, without issue, testate, leaving her residuary estate to a brother and sister-in-law in Germany. The United States Attorney General filed a vesting order and succeeded to the rights of the German nationals. During her lifetime decedent was the administratrix of the estate of Anna Hoffman, deceased, her sister, who was a resident of Montgomery County.

On January 5, 1940, Clara Bacher, in conjunction with her application for a bond to the National Surety Corporation, executed an agreement with that corporation, the pertinent part of paragraph 5 of which provided:

"The Indemnitor will, at all times, indemnify the Corporation and save it harmless from and against all claims, . . . costs, charges and expenses of every kind and nature . . . and, will pay over, reimburse . . . to the Corporation . . . all sums and amounts of money to meet every claim . . . cost, charge, expense. . . . Counsel and attorney's fees . . . shall be deemed a proper charge and expense within the meaning of the preceding sentence, . . ."

Upon the audit of this estate a claim was presented on behalf of the National Surety Corporation for counsel fees paid by it in conjunction with certain proceedings in the estate of Anna Hoffman, deceased. The administrator d. b. n. c. t. a. of the Clara Bacher estate refused to pay this claim.

From the adjudication it is established that the following facts, not denied, were relied upon to support the recovery.

Subsequent to her application for a bond as administratrix, Clara Bacher, decedent, was appointed ad-

ministratrix of the estate on January 29, 1940, by the Register of Wills of Montgomery County, and gave bond as principal, with National Surety Corporation as surety. At that time Mrs. Bacher was represented by William J. Ballen, a member of the Philadelphia bar. Through a power-of-attorney given to him by Clara Bacher he was enabled to embezzle assets of the Anna Hoffman estate in the sum of $9,887.62, which was not discovered until after his death. Thereafter Clara Bacher retained Francis J. Morrisey, Jr., Esq., to represent her in her capacity as administratrix of the Anna Hoffman estate. Mr. Morrisey instituted various suits to recover back some items embezzled by Ballen, and was associated in the prosecution of some of these suits with Henry A. Craig, Esq.. Shortly after the suits were instituted, Mr. Morrisey and Mr. Craig, as attorneys for Clara Bacher, administratrix, orally suggested to the proper officials of the National Surety Corporation that inasmuch as the interests of the Corporation were identical with those of their administratrix, the corporation might consider the contribution of a fee to the attorneys, which the corporation did.

Clara Bacher died on March 21, 1944, and letters testamentary were granted on her estate to Francis J. Morrisey, who was subsequently succeeded by John J. King, as administrator d. b. n. c. t. a., after Mr. Morrisey's death. One Muriel Strong was appointed administratrix d. b. n. of the estate of Anna Hoffman, deceased, in Montgomery County.

On or about August 1, 1944, the National Surety Corporation retained Paul J. Donnely, Esq., to represent its interests in this bond in connection with matters arising out of the administration by Clara Bacher of the estate of Anna Hoffman, deceased, and he filed suit against the Clara Bacher estate in order to preserve any claim that the corporation might have should

Clara Bacher be surcharged in the estate of Anna Hoffman, deceased. In addition to instituting suit and indexing it, he filed with the prothonotary a written statement of the indemnity agreement and the bond in this case.

The first and final account of Clara Bacher, administratrix of the estate of Anna Hoffman, deceased, as stated by the executor of her executor, was filed on or about October 1, 1947, with the Register of Wills of Montgomery County. Exceptions to this account were filed, seeking to surcharge Clara Bacher for the sum embezzled from the Hoffman Estate by William J. Ballen. The corporation had retained William F. Fox, Esq., to represent it at the audit of the account and to resist the exceptions. Shortly thereafter Mr. Fox was retained by counsel for the administratrix d. b. n. c. t. a. of the estate of Clara Bacher and requested to enter his appearance for the estate of Clara Bacher, deceased, and the accountants who filed the account on her behalf, in association with Francis X. Quinn, Esq., who then and now represents the accountant for the estate of Clara Bacher, deceased.

As to the first claim above, Mr. Morrisey and Mr. Craig, despite long, arduous and skillful work, were unable to recover any assets for the estate of Anna Hoffman, deceased. As to the second claim, that of the fees paid Paul J. Donnelly, it was established by the adjudication that he acted solely on behalf of the corporation on its indemnity agreement, so that his services were on behalf of the surety and adverse to the estate of Clara Bacher. As to the third claim, Mr. Fox, although previously retained to represent the interests of National Surety Corporation in resisting a possible surcharge against Clara Bacher, was, before any hearing in the matter, retained by counsel for the Clara Bacher estate to represent its interest in the attempted surcharge. All the exceptions to the ac-

count filed on behalf of the estate of Clara Bacher in the Anna Hoffman estate, particularly those seeking to surcharge the estate of Clara Bacher, were dismissed (with one small exception not now necessary to set forth), as well as two other claims pressed against the Hoffman estate. Thus the Clara Bacher estate was preserved.

The claim of the National Surety Corporation was allowed by the auditing judge. Exceptions were thereupon filed by the accountant to the allowance of this claim, specifically to each of the amounts in the three items of expense. The United States Attorney General objected to the allowance of the fees.

It should be noted here that the accountant has no right in this case to file exceptions. An administrator, as such, has no standing to except to an auditing judge's allowance of a claim: Farrell's Estate, 1 D. & C. 128 (1922). The personal representative of a decedent's estate usually has no interest in a question of distribution and no right of appeal from anything decided in that part of the process. In it the creditors and distributees are alone interested. So long as the decree does not surcharge him or make distribution of an amount larger than the admitted balance due the estate he is not "a party aggrieved": Jack's Estate, 59 D. & C. 465 (1947); Hand's Estate, 288 Pa. 569 (1927). But as claimant to the residuary legatees has, in a general way in his exceptions, adopted the accountant's exceptions, and covers them in his brief, we will treat the exceptions as though specifically and properly filed by the United States Attorney General: Bass' Estate, 35 D. & C. 300 (1939), at page 305.

The claim of the surety was founded on a contract of indemnity which specifically provided for the reimbursement of counsel fees paid in connection with this bond. Ordinarily, the only question would be the propriety of the amount of fees paid. Testimony was

presented, and the auditing judge found the amounts to be proper. No objection was made by the accountant or the United States Attorney General (claimant to the residue) as to the findings of fact.

The sole legal question is the right of the surety to recover the fees paid. Exceptants contend in 1 and 3 the surety was a volunteer as regards these fees, and as to the second item, contend that it is improper to charge the principal with surety's attorney for a legal action by it against the principal.

The auditing judge was correct in holding that the surety can recover for attorney's fees paid by it in defending his suit, if the defense is in good faith in the exercise of reasonable judgment, or if the litigation was advantageous to the principal: Inland Bonding Co. v. Kaufmann, 27 D. & C. 67 (1936). Here we have in addition the consent and even solicitation of the principal. At the very least it was an invitation to participate in all the actions to conserve the Anna Hoffman Estate and to defend the interests of Clara Bacher, principal in the bond. It goes beyond the argument that Clara Bacher had employed competent counsel to represent her interests and thus in turn the interests of the surety. The surety did not arbitrarily enter the defense of its principal. It is not this fact alone, however, that decides the case. As was said by the court in Inland Bonding Co. v. Kaufmann, supra, immediately following the quotation used by the auditing judge:

"Since the result has been in relief of the principal, the latter should in law, as well as in good conscience, repay the expenses which have been so much to his advantage: Abeles vs. Mitchell, 8 W. N. C. 105, 13 Phila. 81."

It is clear that the bonding company may do any bona fide act that would assist in avoiding or reducing the liability on the bond. This is, however, not to be

construed as entitling a surety "to an appetite for litigation at the expense of his principal."

As to the second item, that of the fee paid Paul J. Donnelly, a new element is present. This payment to counsel was not made in furtherance of the principal's protection, but the preservation of the surety's possible claim against the principal's estate. Principal had died before her account was passed upon by the Orphans' Court of Montgomery County. Had the surcharge claim been sustained, surety would sustain a substantial loss, as principal's estate was inadequate to meet the surcharge. It was necessary for surety to institute a suit to obtain a lien against its principal's estate, particularly because it contained real estate. Had it not taken the action, it might, in the event of a surcharge, have sustained a loss of approximately $10,000. With its lien preserved, and should a surcharge have been imposed, its loss would have been approximately $5,000. It therefore was entirely proper for the surety to proceed as it did, and expect reimbursement under its contract of indemnity.

Clara Bacher, in her contract of indemnity, agreed to reimburse the surety all sums of money to meet every cost, charge, expense by reason of the execution of the bond applied for, and further stipulated that counsel and attorney's fees shall be deemed a proper charge or expense within the meaning thereof. The indemnitee is entitled to recover: Robinson v. Bakewell, 25 Pa. 424 (1855).

Claimant is entitled to such costs and charges as he has been put to, and such damages as he has sustained by the litigation: Bamford v. Keefer, 68 Pa. 389 (1871).

The exceptions are dismissed and the adjudication is confirmed absolutely.