Goldstein Appeal.

Argued January 2, 1945. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*David S. Malis*, with him *Michael H. Egnal*, for appellant.

*George J. Mallen*, Special Deputy Attorney General, with him *James H. Duff*, Attorney General, and *Abraham N. Sigman*, for appellee.

Opinion by Mr. Justice Linn, March 19, 1945:

At the audit of the second and partial account of the Secretary of Banking, as statutory receiver of Penfel Building and Loan Association, Sylvia Goldstein, now the appellant, presented a claim for mortgage interest from March 22, 1941, to March 22, 1943. The association had taken title to an apartment house, 305-7 South Fortieth Street, prior to September 2, 1931, under and subject to a mortgage to a trustee made in 1925 by I. Clarence Pennington; in 1931 the Pennsylvania Company for Insurances on Lives and Granting Annuities was trustee. On September 2, 1931, the trustee and the association, executed an agreement extending the maturity date for the term of three years from September 22, 1931, on the association's agreement to make prompt payment of interest, taxes, water rent and insurance during that term. That agreement was performed.

In 1935, the Secretary of Banking took possession of the association, and in June, 1936, filed his supplemental certificate to liquidate pursuant to the statute. About December 20, 1935, the mortgage trustee took possession of the mortgaged premises and, from the receipts, paid the operating expenses and taxes for the years 1935 to 1942, and credited the balance to the interest on the mortgage to March 22, 1941, the date from which appellant claims. The mortgage, together with the extension agreement of September 2, 1931, was assigned to the appellant on April 27, 1943. She averred, in her answer to the receiver's petition for confirmation of the account, that her "claim is based on" this extension agreement. That agreement had been fully performed. The parties merely extended the maturity and agreed that "until the expiration of the term" the interest rate should be 6%, and that the association would pay it semi-annually within ten days after it became payable and would pay taxes, water rents and keep the building insured. The association did not agree to pay the principal and did not agree to pay anything after the expiration of the three-year term. Compare *Real Estate etc. v. William*

*Cohen B. & L. Ass'n,* 130 Pa. Superior Ct. 207, 197 A. 511; *Penn State Const. Co. v. Newkirk B. & L. Ass'n,* 150 Pa. Superior Ct. 560, 29 A. 2d 249.

Appellant's principal contention seems to be that her claim should be allowed as an expense of administration. The learned court rejected the claim on two grounds: (1) that it was not filed in time and (2) that it was not an expense of the Secretary's administration. As the record does not show that appellant has any claim, we need not consider the period in which claims must be filed, leaving that question for consideration when it becomes necessary. She is not entitled to recover on the theory of an obligation payable by the receiver as an administrative expenditure. To support that argument, she referred to *Mortgage B. & L. Association Case,* 334 Pa. 81-104, 5 A. 2d 342, in which it was held that the Secretary, having title to the land as receiver, must pay the taxes assessed against it, and she contends that if he must pay taxes he should also pay this claim for interest. The taxes were held to be an administrative expense because the law requires the owner to pay them. She also refers to *Gehr v. Iron Co.,* 174 Pa. 430, 34 A. 638, in which the taxes were ordered paid in full; but examination of the decision will show that while the taxes were ordered paid in full, the mortgage bonds and unpaid interest coupons, direct obligations of the corporation in receivership, were not preferred but were entitled only to pro rata distribution as general creditors.

The building association, having taken title,[*] under and subject to Pennington's mortgage, assumed no personal liability to the mortgagee; Act of June 12, 1878, P. L. 205, 21 PS section 656; *Britton v. Roth,* 313 Pa. 352, 169 A. 146; *Ruzyc v. Brown,* 320 Pa. 213, 181 A. 783. The Secretary, taking possession for purposes of

---

[*] Reference to the deed, recorded in Deed Book J. M. H. 3213, page 280, will show that the conveyance was "Under and Subject to certain mortgages of record payment of which is not assumed."

liquidation, thereby assumed no greater responsibility than the association had. The association was an indemnitor against loss; it was contingently liable to reimburse the mortgagor, Pennington. As indemnitor, it could not be called on to pay until the mortgagor sustained a loss, a fact which does not appear. Appellant foreclosed the mortgage after April 23, 1943, purchased the property, and obtained a deficiency judgment. But that again is an obligation of the mortgagor. As she has not shown that anything is payable by the association or its receiver, her claim was properly dismissed.

Order affirmed at appellant's costs.